# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MAHAN MARK JANBAKHSH, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:07-0510 |
| | ) JUDGE ECHOLS/KNOWLES |
| X-OTIC COLOURS, INC., | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiff's Motion (Docket No. 23) to Strike Defendant's Answer (Docket No. 19) and Defendant's Corporate Disclosure Statement (Docket No. 20).

Defendant's President, Robert Hughes, has submitted a Response to the Motion, purportedly on behalf of Defendant. Docket No. 27.

The Motion is based upon the fact that, because Mr. Hughes is not an attorney, he cannot represent Defendant corporation. Plaintiff cites Fed. R. Civ. P. 11(a), which provides in relevant part as follows:

> **(a) Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

On July 17, 2007, the undersigned entered an Order noting that Mr. Hughes could not represent Defendant, and requiring Defendant to obtain counsel within thirty (30) days. Docket No. 22. Mr. Hughes, purporting to act on behalf of the corporation, filed an Objection to that Order. Docket No. 25. Judge Echols, however, has recently overruled the Objection and affirmed the undersigned's previous Order, stating in part, "The law is clear that a corporation may appear in federal court only through licensed counsel." Docket No. 28.

The Court faced a similar situation in *Operating Engineers Local 139 Health Benefit Fund v. Rawson Plumbing, Inc.*, 130 F. Supp. 2d 1022 (E.D. Wis. 2001). The *Rawson* Court held that, since a corporation could not represent itself, the attempted Answer of the corporation signed by a non-attorney should be treated as unsigned. The Court noted that, while the Answer technically was signed, it was not signed by a person authorized to represent the corporation in federal court.

For the foregoing reasons, and pursuant to the plain language of Fed. R. Civ. P. 11(a), the undersigned recommends that the Answer (Docket No. 19) and the Corporate Disclosure Statement (Docket No. 20), purportedly filed on behalf of Defendant by Mr. Hughes, should be stricken.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. Clifton Knowles
United States Magistrate Judge

3