UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MAHAN MARK JANBAKHSH,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 3:07-0510 ) Judge Echols |
| **X-OTIC COLOURS, INC.,** | ) |
| **Defendant.** | ) |

## ORDER

The Magistrate Judge entered a Report and Recommendation ("R&R") (Docket Entry No. 32) recommending that the Court grant "Plaintiff's Motion To Strike Defendant's Answer [D.E. 19] and Corporate Disclosure Statement [D.E. 20]." (Docket Entry No. 23.)

X-Otic Colours, Inc. ("X-otic") is a corporation which purports to file its Answer to the Complaint and its Corporate Disclosure Statement through its President, Robert Hughes, without the assistance of counsel. X-Otic also attempted to respond to Plaintiff's Motion to Strike through Mr. Hughes. (Docket Entry No. 27.) Mr. Hughes did not attempt to file any objections to the R&R.

In reviewing an R&R, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

In prior Orders, the Magistrate Judge and this Court ruled that X-Otic must be represented in this litigation by an attorney in compliance with Local Rule 83.01(d)(3) and that Mr. Hughes may not represent the corporation *pro se*. (Docket Entry Nos. 22, 28, Orders.) See Rowland v. California

1

Men's Colony, 506 U.S. 194, 201-202 (1992); Doherty v. American Motors Corp., 728 F.2d 334, 340 (6th Cir. 1984). The Magistrate Judge instructed X-Otic to retain counsel to make an appearance in court. On review, this Court affirmed in a September 24, 2007 Order. (Docket Entry No. 28.) Rather than obtain counsel for the corporation as instructed, Mr. Hughes filed a Notice of Appeal from the September 24, 2007 Order, which remains pending in the Sixth Circuit.[1]

The Magistrate Judge correctly held in the R&R that the Answer and Corporate Disclosure Statement filed by Mr. Hughes on behalf of X-otic should be treated under Federal Rule of Civil Procedure 11(a) as unsigned by an attorney. See Operating Eng'rs Local 139 Health Benefit Fund v. Rawson Plumbing, Inc., 130 F.Supp.2d 1022 (E.D. Wis. 2001). Accordingly,

(1) the Report and Recommendation ("R&R") (Docket Entry No. 32) is hereby ACCEPTED;

(2) Plaintiff's Motion to Strike Defendant's Answer [D.E. 19] And Corporate Disclosure Statement [D.E. 20] (Docket Entry No. 23) is hereby GRANTED;

(3) the Clerk is hereby DIRECTED to strike the Answer (Docket Entry No. 19) and the Corporate Disclosure Statement (Docket Entry No. 20) from the docket;

(4) the Clerk is hereby DIRECTED to strike X-otic's Opposition To Motion For Entry of Default (Docket Entry No. 34) because the document is signed by Mr. Hughes and not by an attorney for X-otic;

(5) the Clerk is hereby DIRECTED to consider Plaintiff's Motion for Entry of Default (Docket Entry No. 30) and Affidavit of James R. Michels (Docket Entry No. 31) in light of the

---

[1] The Court does not believe that the Notice of Appeal divests this Court of jurisdiction because the Order affirming the Magistrate Judge's Order concerning retention of counsel is not a final, appealable Order within the meaning of 28 U.S.C. §1291, nor is it the type of order from which an interlocutory appeal may be taken under 28 U.S.C. § 1292.

Magistrate Judge's July 17, 2007 Order (Docket Entry No. 22) warning Mr. Hughes that his failure to obtain counsel for X-otic could result in the entry of default against the corporation; and

(6) this case is hereby returned to the Magistrate Judge for all further and necessary pretrial case management proceedings.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE